UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                         Plaintiff,                        Case Number 18-20198

v.                                            Honorable David M. Lawson

DENVER LEE,

                         Defendant.

_____/

## OPINION AND ORDER DENYING SECOND
## MOTION FOR COMPASSIONATE RELEASE

Defendant Denver Lee was convicted by a jury of possessing a firearm as a convicted felon and sentenced to 15 years in prison under the Armed Career Criminal Act (ACCA). He has filed a second motion asking the Court to resentence him to time served under the authority of the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. The Court denied a similar motion on August 26, 2020. Lee bases his current request on allegations of extraordinary and compelling circumstances that result from legal errors in sentencing and health issues, some of which have emerged since the Court denied his first motion. However, he has not made a sufficient showing of extraordinary and compelling circumstances, and, as before the factors in 18 U.S.C. § 3553(a), which the Court must consider, do not favor release. The Court will deny the motion to reduce the sentence.

I.

On September 9, 2019, the Court sentenced Lee as an armed career criminal to a term of 180 months in prison. He has served approximately 65 months, and he presently is in the custody of the Bureau of Prisons at FCI Greenville, a low security facility in Greenville, Illinois, which

houses around 1,300 inmates.  Public records of the BOP indicate that the defendant is scheduled to be released from prison on October 26, 2031.  Lee is 41 years old.  On August 26, 2020, the Court denied the defendant's first motion for compassionate release.  On March 22, 2021, the Court denied his motion for reconsideration of the previous ruling denying early release.  On December 21, 2021, the defendant filed his second motion for compassionate release.

When it denied the defendant's prior motion for compassionate release, the Court found that the defendant's age (then 38 years old), race (African American), and his diagnosis of "chronic bronchitis" were not recognized risk factors for severe COVID-19 infection, but his obesity (BMI 37.2) was a recognized factor putting him at some increased risk for complications.  Nevertheless, the Court found that because instances of infection then were nonexistent at the federal prison where the defendant was incarcerated, the defendant had failed to show that extraordinary risks to his health justified early release.  The Court also weighed the 3553(a) factors and found that the scales tilted sharply against early release due to the defendant's long history of incorrigible criminal conduct.  Order, ECF No. 99, PageID.1486.

The defendant initially filed the present motion without the assistance of counsel, and both he and his appointed lawyer subsequently filed numerous supplements in support of the request for compassionate release.  Cumulatively, the defendant argues that extraordinary and compelling reasons for a reduction of his sentence are established because: (1) various errors in the PSIR, in particular the misclassification of his prior controlled substance convictions, grossly inflated the calculation of the offense level, (2) the defendant's obesity combined with exposure to COVID-19 due to inept implementation of countermeasures at his prison, and the fact that he now has served a larger portion of his custodial term, warrant a reassessment of his situation versus the circumstances that the Court previously found inadequate to justify early release, (3) the defendant

is "prediabetic," has been diagnosed with asthma and prescribed an inhaler, has been diagnosed with hypertension and prescribed mediation for that condition, and was treated for tuberculosis in 2009, all of which are conditions associated with increased risk of complications due to COVID-19 infection, (4) the defendant has an inguinal hernia for which surgery was scheduled but then canceled due to irregular readings on his EKG, "indicating a heart blockage," (5) the defendant's place of confinement (FCI Elkton, at the time of filing), is not free of COVID-19, but instead has (or had at the time of filing) 12 inmate cases and 28 staff diagnosed with the disease, (5) the circumstances of the crime are unremarkable and nonviolent, and the defendant has continued to maintain a "spotless" disciplinary record, as well as completing his GED while in prison, (6) he is in "constant pain" due to the hernia condition, but surgery cannot be performed due to the irregularities in his EKG, and (7) if, as the defendant further argues in his 2255 motion, he was improperly subjected to the ACCA enhancement due to misclassification of his prior controlled substance convictions under state law, then he already has served more time than he should have received under the recalculated advisory guidelines.

The government argues that none of these explanations by themselves or considered together amount to extraordinary and compelling reasons within the meaning of the compassionate release statute, and the previous balance of the factors in 18 U.S.C. § 3553(a) has not changed.

## II.

Compassionate release is a concept that has come to be recognized as authorized by Congress in 18 U.S.C. § 3582(c)(1)(A). It is an exception to the "rule of finality," which prohibits district courts from modifying a sentence "except in limited circumstances." *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021). There are three requirements that must be satisfied, the first of which is that "extraordinary and compelling reasons warrant [a sentence] reduction."

*United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  For the second requirement, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Nicholson*, No. 21-1724, 2023 WL 4447881, at *1 (6th Cir. July 11, 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Finally, the Court must "'consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable.'"  *Ibid.*

"[I]f each requirement is met, a court may — but need not — reduce a term of imprisonment."  *Ibid.* (citing 18 U.S.C. § 3582(c)(1)(A)).  On the other hand, "[i]f any of the requirements are not met, [then], a court cannot reduce a sentence."  *Ibid.*

## A.

The court of appeals has observed that the determination of what constitutes "extraordinary and compelling circumstances," which previously was regarded as a "highly discretionary decision of the district court, as broadly suggested by the Supreme Court in *Concepcion v. United States*, --- U.S. ---, 142 S. Ct. 2389 (2022), has been severely and categorically cabined."  *United States v. West*, 70 F.4th 341, 347 n.1 (6th Cir. 2023) (citing *United States v. McCall*, 56 F.4th 1048, 1074-76 (6th Cir. 2022) (Gibbons, J., dissenting)).  That has led the court to observe that it "has predominantly defined what can constitute 'extraordinary and compelling' reasons for release by defining what circumstances cannot be 'extraordinary and compelling.'"  *United States v. West*, 70 F.4th 341, 346 (6th Cir. 2023) (citing *Hunter*, 12 F.4th at 570 (6th Cir. 2021).  In accord with that trend, the Sixth Circuit broadly has recognized that typical circumstances attending incarceration, and personal factors routinely considered at sentencing, cannot supply "extraordinary and compelling" grounds for compassionate release.  The factors that may not be considered include (1) the defendant's culpability and role in a criminal scheme, (2) sentencing

disparities between the movant and his co-defendants, (2) the proportion of a custodial term already served, (3) the defendant's successful efforts at rehabilitation while confined, and (4) nonretroactive Sentencing Guideline amendments. *United States v. Jones*, No. 22-1722, 2023 WL 5237413, at *5 (6th Cir. Aug. 15, 2023).

The court of appeals also has reiterated that "'[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis.'" *United States v. Nicholson*, No. 21-1724, 2023 WL 4447881, at *3 (6th Cir. July 11, 2023) (quoting *McCall*, 56 F.4th at 1064). "[T]hat remains true even when combining the change in law with [the movant's] health conditions and what remains of COVID-19." *Ibid.* (citing *United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021) ("The text of these sentencing statutes does not permit us to treat the First Step Act's non-retroactive amendments, whether by themselves or together with other factors, as 'extraordinary and compelling' explanations for a sentencing reduction.")). To that end, the Sixth Circuit adds that "compassionate release cannot 'provide an end run around habeas.'" *West*, 70 F.4th at 346 (quoting *McCall*, 56 F.4th at 1058). "Because § 2255 provides a specific, comprehensive statutory scheme for post-conviction relief, any attempt to attack a prisoner's sentence or conviction must abide by its procedural strictures." *Ibid.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 485-86 (1973)). Following that reasoning, the Sixth Circuit has held that "sentencing errors cannot provide an 'extraordinary and compelling' reason for compassionate release." *Id.* at 347-48 (collecting cases).

Finally, although in years past the crisis of the global coronavirus pandemic spurred a rapid proliferation of case law in this area, the Sixth Circuit recently has noted that COVID's lingering presence in society no longer is attended by the same exigency that it once was before vaccines for the disease were made widely available to federal inmates and the general public. Accordingly,

it has held that, "absent extenuating circumstances, because vaccinations are now available to federal inmates, the COVID-19 pandemic is not considered 'extraordinary and compelling.'" *United States v. Thornton*, No. 21-1418, 2023 WL 2293101, at *1 n.2 (6th Cir. Mar. 1, 2023) (citing *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022)); *accord United States v. Orta*, No. 22-5471, 2023 WL 3794805, at *2 (6th Cir. May 12, 2023) ("As to Orta's health-related arguments, we declined to find an 'extraordinary and compelling reason' for a sentence reduction in *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021), which concerned an inmate with hypothyroidism. We noted that hypothyroidism was not on the Centers for Disease Control's list of risk factors for COVID-19, and that the inmate had access to vaccination, which significantly reduces both the likelihood of contracting COVID-19 and the associated risks should one contract the virus. . . . And [an inmate's] access to the vaccine substantially undermines his request for a sentence reduction." (quoting 15 F.4th at 750-51) (cleaned up)).

### 1.

Lee argues at length in multiple supplements that supposed errors in the classification of his prior drug convictions as ACCA predicates contributes to extraordinary and compelling grounds for his release. However, that position is a non-starter under the controlling decisions on point.

First, the Sixth Circuit squarely has rejected the position that controlled substance convictions under Michigan law do not constitute valid ACCA predicates. *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020) ("As we recently clarified . . . the definition of delivery used under Michigan (and federal) law — again, 'the actual, constructive, or attempted transfer of a controlled substance' — does not include 'attempted delivery.' *United States v. Garth*, 965 F.3d 493, 497 (6th Cir. 2020). Instead, it includes only 'attempted transfer.' And an attempted transfer

qualifies as a completed delivery.  *Id.*  That makes the definition here different than the one in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), where the parties agreed that the statute in question — Tennessee's delivery statute — proscribed attempted delivery. *Id.* at 385.").  The defendant's position predicated on supposed misclassifications of his prior drug crimes is doomed to failure after *Thompson*.

Second, even if the defendant could demonstrate some error in the calculation of his guidelines, such errors are not properly considered when weighing whether extraordinary and compelling circumstances exist for early release.  In the context of compassionate release, the Sixth Circuit explicitly has rejected similar reasoning concerning misclassification of offenses used as predicates for a career offender guideline enhancement.  *United States v. Peake*, No. 22-5733, 2023 WL 5499544, at *2 (6th Cir. May 30, 2023) (citing *McCall*, 56 F.4th at 1050).  Under the controlling holding in *McCall*, nonretroactive changes in the law do not constitute extraordinary and compelling circumstances, so shifting winds in the landscape of case law concerning the ACCA cannot supply valid grounds for compassionate release.

Moreover, the cases following *McCall* have held as a general matter that sentencing errors cannot constitute extraordinary and compelling circumstances, because, as noted above, regarding them as such would open the opportunity for an "end run" around the procedural strictures of collateral review under section 2255.  *West*, 70 F.4th at 346.  Accordingly, none of the supposed sentencing errors alluded to by the defendant constitute "extraordinary and compelling" grounds for compassionate release.  *Id.* at 347-48 (collecting cases).

### 2.

The Court previously determined that Lee's alleged health conditions including obesity and bronchitis did not put him at an extraordinary risk of complications from COVID-19 after considering the prevailing low incidence of infection at the facility where he was confined.  Lee

contends that the facility where he was confined when the motion was filed (FCI Elkton), had a history of mismanaging containment measures during the pandemic. However, the presently available information does not support the claim that there is any runaway contagion at FCI Greenville, which is the facility where the defendant presently resides. As of April 2, 2024, the currently available statistics published by the BOP indicate that there are no active cases at FCI Greenville. *See* BOP COVID-19 Statistics, https://tinyurl.com/2myvpcd4 (last accessed Apr. 5, 2024). The incidence of infection at the defendant's facility presently is minimal just as it was when the Court denied the prior motion for early release.

Lee says that he has contracted additional ailments since his previous motion was denied, stating in particular that he has (1) a chronically painful inguinal hernia, for which surgery has been recommended; (2) asthma, for which an inhaler has been prescribed; (3) hypertension, for which he has been prescribed mediation; and (4) a suspected heart condition which was uncovered when he was subjected to an EKG, resulting in the postponement of the planned surgery to address the hernia condition. However, even if some of those conditions may constitute recognized risk factors for complications in the event of COVID-19 infection, in the post-pandemic era federal courts routinely deny requests for compassionate release sought solely on medical grounds due to the present widespread availability of vaccines, which have proven effective at significantly mitigating the risk of severe coronavirus disease.

As the Sixth Circuit has held, "absent extenuating circumstances, because vaccinations are now available to federal inmates, the COVID-19 pandemic is not considered 'extraordinary and compelling.'" *United States v. Thornton*, No. 21-1418, 2023 WL 2293101, at *1 n.2 (6th Cir. Mar. 1, 2023) (citing *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022)); *accord United States v. Orta*, No. 22-5471, 2023 WL 3794805, at *2 (6th Cir. May 12, 2023). Lee does not

contend that he lacks access to the vaccine or is unable to be vaccinated for any reason, and he does not dispute that his medical records show that he has in fact been vaccinated. He has not established good grounds to depart from the recent controlling decisions which have rejected COVID risk as a ground for early release in the present, post-pandemic climate.

3.

Lee also argues that the facts that he has served 39% of his custodial term and that he has been on good behavior while incarcerated and made progress toward rehabilitation weigh in favor of a sentence reduction. However, the more restrictive criteria for compassionate release under the prevailing case law in this circuit preclude consideration of those circumstances in the assessment of extraordinary and compelling grounds for release. *United States v. Scott*, No. 22-3737, 2023 WL 5671313, at *1 (6th Cir. May 4, 2023) ("[A]lthough Scott has served more than 70% of his sentence, as the district court aptly noted, an inmate serving the majority of his sentence is commonplace and ordinary, not extraordinary.") (quotations omitted; citing *Hunter*, 12 F.4th at 562); *ibid.* ("'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' for a sentence reduction.'" (quoting *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020); 28 U.S.C. 994(t)).

Moreover, it now is settled in this circuit that district courts may not rely on facts that existed at the time of sentencing when determining whether extraordinary and compelling grounds for release presently are shown. *United States v. Edmond*, No. 22-1443, 2023 WL 3736880, at *2 (6th Cir. May 31, 2023) ("[P]utting aside the truth of Edmond's contentions that his role in the offense was minor and his criminal history was insignificant, such facts — along with his 'work history' and 'strong family support' — already existed at the time of sentencing and thus cannot be considered extraordinary and compelling reasons to reduce his sentence." (citing *Hunter*, 12 F.4th at 562; *Lemons*, 15 F.4th at 750). Lee's contentions that his offense was nonviolent and that

- 9 -

he was sentenced more harshly than he deserved are inapposite to the present motion insofar as they are premised on any facts known at the time when the below-guidelines sentence of 180 months was imposed.

B.

Even if the defendant could establish some extraordinary and compelling grounds for a sentence reduction, nothing has changed since August 2020 that would alter the balance of the 3553(a) factors, which the Court found previously to weigh heavily against early release.  The Court's previous analysis of the factors applies still and is set forth in detail in the previous order.  Order Denying Mot. for Compassionate Release, ECF No. 99, PageID.1484-86.

C.

The United States Sentencing Commission has adopted amendments to U.S.S.G. § 1B1.13 which took effect on November 1, 2023.  *See* U.S. Sentencing Commission: Amendments to the Sentencing Guidelines (effective Nov. 1, 2023), https://tinyurl.com/59fzzrra.  The pertinent sections of the amended policy statement either do not apply to Lee's circumstances or include criteria that would exclude relief under the circumstances.

First, section 1B1.13(b)(1)(A) provides for relief where "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)."  "Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia."  Lee has identified various ailments from which he presently suffers, but he does not assert that he is suffering from any terminal illness or otherwise applicable end-of-life condition, or from any terminal medical condition analogous to those enumerated in the policy statement.  This section does not apply.

- 10 -

Second, section 1B1.13(b)(1)(B) provides relief where the defendant is "suffering from a serious physical or medical condition, (ii) suffering from a serious functional or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Lee says that he is obese; has been diagnosed with asthma, for which he uses an inhaler; has been diagnosed with hypertension, for which he is prescribed medication; has a painful inguinal hernia, for which surgery has been recommended; and has a suspected heart condition which resulted in delay of the hernia surgery after an abnormal EKG result was recorded.  In his previous motion, the defendant also said that he is "prediabetic" and that he had chronic bronchitis.  Some of those conditions, alone or in combination, reasonably could be viewed as "serious medical conditions." However, Lee has not shown that any of his medical conditions, alone or all together, "substantially diminish his ability to provide self-care" within the custodial environment.  This section does not offer any prospect for relief.

Third, section 1B1.13(b)(1)(C) provides for relief where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."  Lee concedes that he has received treatment for his asthma and hypertension.  He also admits that treatment was recommended and initially scheduled for his inguinal hernia.  He says that the reason the surgery was delayed was because he also was diagnosed with a possible heart condition.  For most of the conditions, therefore, Lee has not shown that he requires treatment that has not been provided or cannot be provided by the Bureau of Prisons.  Moreover, although Lee says that he has not to date received further diagnosis or treatment for the suspected heart condition, he has not

provided evidence that any of his conditions place him "at risk of serious deterioration in health or death."  This section does not offer any relief.

Fourth, section 1B1.13(b)(1)(D) provides for relief in circumstances similar to those that were recognized by the caselaw during the pandemic era, where a prisoner's individual health condition places him at risk of serious complications from an infectious disease outbreak in progress at his institution.  This section recognizes extraordinary and compelling circumstances where all of the following apply: "(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority; (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and (iii) such risk cannot be adequately mitigated in a timely manner."  Several of the requirements stated therein are not satisfied by the defendant's presentation.  As noted above, there is no persuasive evidence of any "ongoing outbreak of infectious disease" at FCI Greenville presently, where the outstanding cases of infection are nonexistent based on current BOP statistics.  Lee has not supplied any information suggesting that a presently declared state of emergency is in effect covering the facility, and the national health emergency relating to the coronavirus pandemic was ended by the Biden administration on May 11, 2023.  *See* Fact Sheet: End of the COVID-19 Public Health Emergency, https://tinyurl.com/bde7sjf9.  Finally, even if the Court assumes that some or all of Lee's medical conditions place him at increased risk of COVID-related complications, he has not established that his risk "cannot be adequately mitigated in a timely manner," because it is

undisputed that he has access to currently available vaccines and he has been vaccinated against the coronavirus.

Fourth, subsections 1B1.13(b)(2) and (3) do not apply because those provide for relief only for inmates over the age of 65, or in the case of incapacitation of caregivers of the inmate's child or parent.  None of those circumstances apply to Lee.  Similarly, subsection (5) does not apply because Lee does not assert that he has been a victim of "abuse" while incarcerated.  His motion does not invoke any circumstances that would trigger those provisions.

Fifth, skipping to subsection 1B1.13(b)(6), that provision provides for relief where the movant "received an unusually long sentence and has served at least 10 years of the term of imprisonment."  In that situation, then the Court may consider, when assessing whether extraordinary and compelling circumstances exist, any "change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)," but "only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."  This new provision contemplates the prospect that some subsequent legal developments may be found to comprise extraordinary and compelling circumstances.  However, Lee does not meet the threshold condition for seeking subsection (b)(6) relief, since he presently has served only 65 months of his sentence, far short of the 120-month threshold.  Moreover, he has not established that there has been any change in the decisional law governing the imposition of the ACCA enhancement, which is the primary source of his sentencing guideline challenge.

Sixth, subsections 1B1.13(c) and (d) endorse the view, recognized in the caselaw cited above that as a general matter non-retroactive changes in the law and the defendant's rehabilitation

are not facts that can establish extraordinary and compelling circumstances.  *See United States v. Peake*, No. 22-5733, 2023 WL 5499544, at *2 (6th Cir. May 30, 2023) (citing *United States v. McCall*, 56 F.4th 1048, 1050 (6th Cir. 2022), *cert. denied*, (U.S. May 22, 2023) (No. 22-7210)) (holding that non-retroactive changes in the law may not be considered); *United States v. Scott*, No. 22-3737, 2023 WL 5671313, at *1 (6th Cir. May 4, 2023) (citing *Hunter*, 12 F.4th at 561, 569); *Ruffin*, 978 F.3d at 1004; 28 U.S.C. 994(t)) (holding that rehabilitation and an inmate serving most of his sentence without incident are not extraordinary and compelling).

Seventh, subsection 1B1.13(e) endorses the view that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment, and "[t]herefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement."  That policy position is in some tension with the Sixth Circuit's holdings to the contrary, which broadly reject the consideration of any facts that existed at the time of sentencing when determining whether extraordinary and compelling grounds for release presently are shown.  *Edmond*, 2023 WL 3736880, at *2 ("[P]utting aside the truth of Edmond's contentions that his role in the offense was minor and his criminal history was insignificant, such facts — along with his 'work history' and 'strong family support' — already existed at the time of sentencing and thus cannot be considered extraordinary and compelling reasons to reduce his sentence." (citing *Hunter*, 12 F.4th at 562; *United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021)).  However, this blanket provision adds no weight to the defendant's position since it does not define any specific circumstances not discussed above that could justify relief.

Finally, that leaves subsection 1B1.13(b)(5), which is a catch all allowing for relief based on "other reasons," defined as "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." This provision permits the consideration of other circumstances not explicitly enumerated in subsections (b)(1) through (4). However, for the reasons discussed above, the circumstances Lee has advanced are legally insufficient to establish extraordinary and compelling circumstances under the prevailing case law in this circuit. Moreover, because Lee's circumstances fall short of the criteria for those enumerated situations that could apply, it stands to reason that he has not demonstrated that his situation is "equal in gravity" to any of the enumerated circumstances.

## III.

Lee has not demonstrated that compassionate release under 18 U.S.C. 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's second motion for compassionate release (ECF No. 152) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
Dated:  April 5, 2024                                         United States District Judge